IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FILED
03 JUL -2 PM 2: 43
CLE...
MIDDLE DISTRICT OF COURT
TAMPA, FLORIDA

MARTIN J. MERSINGER,

    Plaintiff,

Case No.

8:03-CV-1373-T-30 MAP

vs.

OAKSCAPECOLLABORATIVE
SOLUTIONS, LLC, a Florida Limited
Liability Corporation, and PETER A.
TOMASELLO, SR., an individual,
both jointly and severally,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

    Plaintiff, MARTIN J. MERSINGER, sues Defendants, OAKSCAPE COLLABORATIVE SOLUTIONS, LLC., and PETER A. TOMASELLO, SR., and alleges:

### Introduction

    1.    This is an action by MARTIN J. MERSINGER against her former employers for unpaid overtime and unpaid wages pursuant to the Fair Labor Standards Act and Florida Statutes Chapter 448. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

    2.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206 and 207, et. seq, and Florida Statutes Chapter 448. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

    3.    Venue is proper in Hillsborough County, as the claim arose in Hillsborough County, Florida.

## Parties and General Allegations

4. Plaintiff, MARTIN J. MERSINGER, a resident of Hillsborough County, was at all times material, employed by Defendants as computer software consultant, and was an employee as defined by 29 U.S.C. § 203 (e).

5. Defendant, OAKSCAPE COLLABORATIVE SOLUTIONS, LLC., is a Florida corporation doing business in various Florida cities, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 206, in the facilities where Plaintiff was employed.

6. Defendant, PETER A. TOMASELLO, SR., a resident of Hillsborough County, and was, or now is, an operator of Defendant OAKSCAPE COLLABORATIVE SOLUTIONS, LLC.

7. Defendant TOMASELLO acted and acts directly in the interests of Defendant OAKSCAPE COLLABORATIVE SOLUTIONS, LLC., in relation to its employees. Thus he was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

## Count I – Violation of FLSA by Defendant OAKSCAPE STORES - Overtime

8. Plaintiff, MARTIN J. MERSINGER, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 5 above.

9. Since on or about December, 1999, defendants OAKSCAPE and PETER A. TOMASELLO, SR. have willfully violated the provisions of §§ 7 and 15(a)(2) of the Act [29 U.S.C. §§ 207 and 215(a)(2)] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed. MERSINGER,

since on or about December 1999, worked in excess of 40 hours a week for many weeks of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed. Specifically: MERSINGER worked more than 40 hours per week for most weeks of his employment, but was not paid at least one and one-half times his regular rate of pay for the overtime that he worked.

10. The failure to pay overtime compensation to MERSINGER, and other similarly situated employees, is unlawful in that they were not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that they were neither bona fide executives, administrative or professional employees, or in the alternative, if MERSINGER was exempt, Defendant's actions and/or conduct has effectively removed any exemption that may have applied to MERSINGER.

11. OAKSCAPE's actions were willful and purposeful as Defendant was well aware of the Fair Labor Standards Act and the Plaintiff's status as non-exempt, but chose not to pay Plaintiff and many other employees in accordance with the Act.

12. Plaintiff is entitled pursuant to 29 U.S.C. § 216(b), to recover from Defendant:

   a. All unpaid overtime that is due;

   b. As liquidated damages, an amount equal to the unpaid overtime owed;

   c. The costs of this action, and;

   d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, MARTIN J. MERSINGER, prays that this court will grant judgment against defendant OAKSCAPE:

   a. awarding MERSINGER payment of overtime compensation found by the court to be due him under the Act, including pre-judgment interest;

    b.    awarding MERSINGER an additional equal amount as liquidated damages;

    c.    awarding MERSINGER her costs, including a reasonable attorney's fee; and

    d.    granting such other and further relief as is just.

**Count II – Violation of FLSA by Defendant PETER A. TOMASELLO, SR. - Overtime**

13.    Plaintiff, MARTIN J. MERSINGER, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 4, and 6-7 & 9 above.

14.    The failure to pay overtime compensation to MERSINGER, and other similarly situated employees, is unlawful in that they were not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that they were neither bona fide executives, administrative or professional employees, or in the alternative, if MERSINGER was exempt, Defendant's actions and/or conduct has effectively removed any exemption that may have applied to MERSINGER.

15.    Defendant TOMASELLO's actions were willful and purposeful as TOMASELLO was well aware of the Fair Labor Standards Act and the Plaintiff's status as non-exempt, but chose not to pay Plaintiff and many other employees in accordance with the Act.

16.    Plaintiff is entitled pursuant to 29 U.S.C. § 216(b), to recover from Defendant:

    a.    All unpaid overtime that is due;

    b.    As liquidated damages, an amount equal to the unpaid overtime owed;

    c.    The costs of this action, and;

    d.    A reasonable attorney's fee.

WHEREFORE, Plaintiff, MARTIN J. MERSINGER, prays that this court will grant judgment against defendant TOMASELLO:

      a.      awarding MERSINGER payment of overtime compensation found by the court to be due him under the Act, including pre-judgment interest;

      b.      awarding MERSINGER an additional equal amount as liquidated damages;

      c.      awarding MERSINGER her costs, including a reasonable attorney's fee; and

      d.      granting such other and further relief as is just.

17.    Plaintiff is entitled pursuant to 29 U.S.C. § 216(b), to recover from Defendant:

      a.      All unpaid overtime that is due;

      b.      As liquidated damages, an amount equal to the unpaid overtime owed;

      c.      The costs of this action, and;

      d.      A reasonable attorney's fee.

## COUNT III – Unpaid Wages Under Florida Statutes Chapter 448 – OAKSCAPE

18.    Plaintiff realleges the allegations contained in paragraphs 1 through 5, & 9, as if fully set forth in Count III of his complaint.

19.    This count is brought pursuant to and arising under Chapter 448 of the Florida Labor Law.

20.    Plaintiff accrued vacation pay during his employment with Defendant OAKSCAPE.

21.    Upon Plaintiff's resignation from employment, Plaintiff was due at least two-weeks of accrued and vested vacation pay, which Defendant failed to pay.

22.    Defendant OAKSCAPE's failure to pay Plaintiff overtime and vacation pay constitutes unpaid wages, recoverable under Florida Statutes Chapter 448.

23.    Pursuant to Chapter 448 of the Florida Statutes, Plaintiff is entitled to costs of the action and a reasonable attorney's fee.

WHEREFORE, Plaintiff requests judgment against Defendant for damages and prejudgment interest, together with costs of suit and reasonable attorney's fees, and such other and further relief as the court may deem proper.

24. Plaintiff requests trial by jury on all counts.

Respectfully submitted,

ROBERT S. NORELL, ESQ.
Fla. Bar No. 996777

ROBERT S. NORELL, P.A.
Attorney for the Plaintiff
8751 W. Broward Blvd.
Suite 410
Plantation, Florida 33324
(954) 617-6017

Dated: June 26, 2003